UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE PICKERING,<br><br>   Plaintiff,<br><br> vs.<br><br>KEN CLARK, et al.,<br><br>   Defendants. | 1:14-cv-01833-GSA-PC<br><br>ORDER FOR CLERK TO LODGE THE COMPLAINT IN THIS ACTION AS A THIRD AMENDED COMPLAINT IN CASE 1:11-CV-00937-LJO-DLB-PC (Doc. 1.)<br><br>ORDER FOR CLERK TO ADMINISTRATIVELY CLOSE THIS CASE |

  Wayne Pickering (D-44112) ("Plaintiff"), a state prisoner proceeding pro se, submitted a complaint to the court on November 21, 2014, which was opened by the Clerk as the present case 1:14-cv-01833-GSA-PC. (Doc. 1.) However, the certificate of service attached to the complaint indicates that Plaintiff submitted the complaint as a Third Amended Complaint for case 1:11-cv-00937-LJO-DLB-PC, <u>Pickering v. Ken Clark, et al.</u> (Doc. 1 at 37.)

  A review of the docket for case 1:11-cv-00937-LJO-DLB-PC shows that Wayne Pickering (D-44112) filed the complaint commencing the case on June 9, 2011. On May 23, 2013, the court dismissed the Second Amended Complaint for failure to state a claim, and the case was closed. On June 3, 2013, the plaintiff filed a notice of appeal to the Ninth Circuit. On August 1, 2014, the Ninth Circuit remanded the case to the district court for further proceedings.

1  The court has reviewed the complaint for this action and finds that it contains many of
2  the same defendants, allegations, and claims found in the Second Amended Complaint for case
3  1:11-cv-00937-LJO-DLB-PC.  Both complaints arose from events at the California Substance
4  Abuse Treatment Facility in Corcoran, California, when Plaintiff was incarcerated there in
5  2006-2009, concerning Plaintiff's allegations of inadequate medical care for his left knee which
6  required surgery.  Based on these facts, the court finds that Plaintiff's complaint for the present
7  action should be treated as a Third Amended Complaint for case 1:11-cv-00937-LJO-DLB-
8  PC.[1]

9  Accordingly, the Clerk of Court is DIRECTED to:
10  1. Lodge the complaint for this action as a Third Amended Complaint in case 1:11-
11  cv-00937-LJO-DLB-PC; and
12  2. Administratively close this case.

IT IS SO ORDERED.

Dated:   **November 24, 2014**            /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir.1977) (en banc), cited with approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir.1997)); see also Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2d Cir. 2000); Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir.1993)).